**In re W.F.C. REAL ESTATE TRUST # 1, Debtor.**

**Bankruptcy No. 99–24471–BKC–PGH.**

United States Bankruptcy Court, S.D. Florida, Fort Lauderdale Division.

July 9, 1999.

### *ORDER DISMISSING CHAPTER 13 CASE WITH PREJUDICE*

PAUL HYMAN, Jr., Bankruptcy Judge.

**THIS MATTER** came before the Court *sua sponte.* The Debtor in the above-captioned Chapter 13 Bankruptcy Case is a trust. Section 109(e) of the Bankruptcy Code requires that a Chapter 13 debtor be an "individual with regular income." Under § 101(30) of the Bankruptcy Code, an individual with regular income is an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title, other than a stockbroker or a commodity broker." Neither of

these provisions nor their respective legislative histories indicate that a trust qualifies as an "individual with regular income."

Collier, referring to § 101(41)'s definition of "person," notes that the Bankruptcy Code differentiates between an individual and a corporation, a partnership, and a municipality. COLLIER ON BANKRUPTCY, ¶ 101.30[3] (15th ed. rev.1996). Section 101(41) states that " 'person' includes individual, partnership, and corporation[.]" It logically follows, therefore, that a partnership or a corporation cannot be an individual. This does not necessarily mean that a *trust* cannot be an individual.

Black's Law Dictionary defines an individual as "a single person ... and also, ... a private or natural person as distinguished from a partnership, corporation, or association[.]" BLACK'S LAW DICTIONARY (rev. 4th ed.1968). Moreover, Black's defines a trust as "[a] right of property, real or personal, held by one party for the benefit of another." BLACK'S LAW DICTIONARY (rev. 4th ed.1968). Black's further characterizes a trust as a "confidence," an "arrangement," and a "fiduciary relation." BLACK'S LAW DICTIONARY (rev. 4th ed.1968). Black's definitions of "individual" and "trust" do not seem to coincide.

Notwithstanding the fact that § 109(e) does not expressly preclude a trust from being a debtor under Chapter 13, the Court concludes, in accordance with §§ 101(30) & (41) of the Bankruptcy Code, Collier on Bankruptcy, and Black's Law Dictionary, that a trust does not qualify as an "individual with regular income" and so cannot be a debtor under Chapter 13. Therefore, based on the foregoing and with the Court being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** that the above-captioned Chapter 13 Bankruptcy Case is Dismissed with Prejudice.